IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SOLOMON CHAMBERS, SR.,

    Defendant.

Criminal No. 18-0186
ELECTRONICALLY FILED

**MEMORANDUM ORDER**

Before the Court is Defendant's Motion to Clarify/Re-Classify Sentence ([ECF 68](#)) and the Government's Response to same. [ECF 70](#). The matter is now ripe for adjudication.

Defendant waived indictment and pled guilty to one count of conspiracy to commit bank fraud in violation of [18 U.S.C. § 1349](#) on March 12, 2019. ECF 51. Defendant was sentenced on November 13, 2019 to a six-month term of imprisonment to be followed by a 5-year term of supervised release. [ECF 67](#). Defendant was required to surrender for service of his sentence at the institution designated by the Bureau of Prisons by no later than January 10, 2020. [ECF 67](#).

Following the entry of the Judgment in this case, Defendant's counsel filed the above-referenced Motion to Clarify/Re-Classify Sentence seeking this Court's "acknowledgment" that Defendant be given 35 days of credit towards his six-month term of imprisonment. Defendant premises this request on a portion of the time he was imprisoned in the Washington County jail prior to his waiver of indictment and guilty plea. [ECF 68](#).

This Court **DENIES** Defendant's Motion to Clarify/Re-Classify Sentence in this regard. The law is clear that the calculation of the time any Defendant serves, lies exclusively within the province of the Bureau of Prisons and the Attorney General. Under 18 U.S.C. § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed that has not been credited against another sentence." 18 U.S.C.A. § 3585. The Supreme Court of the United States has held that, "Section 3585(b) does not authorize a district court to compute the credit at sentencing." *United States v. Wilson*, 503 U.S. 329 (1992).

Next, Defendant's Motion requests that he be placed in either the Washington or Greene County Jail to serve his term of imprisonment so that he can participate in a work release program. This request was not made at the time sentencing. Moreover, this Court cannot dictate to the Bureau of Prisons where Defendant should be incarcerated. See, *Davage v. United States*, 1997 WL 180336, at *4 (E.D. Pa. Apr. 16, 1997) ("Section 3621(b) authorizes the Bureau 'to designate the place of confinement for purposes of serving federal sentences of imprisonment.'"). Accordingly, this Court **DENIES** Defendant's Motion to Clarify/Re-Classify Sentence in this regard as well.

**SO ORDERED** this 11th day of December, 2019,

s/ Arthur J. Schwab
United States District Judge

cc: All ECF Registered Counsel of Record